Nwasike v Wagner (2023 NY Slip Op 03868)

Nwasike v Wagner

2023 NY Slip Op 03868

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05605
 (Index No. 66693/14)

[*1]Chinyere Nwasike, appellant, et al., plaintiff,
v
John Wagner, etc., et al., respondents, et al., defendants.

Law Offices of K.C. Okoli, P.C., New York, NY, for appellant.
Furey, Furey, Leverage & Darlington, P.C., Hempstead, NY (James M. Furey, Jr., of counsel), for respondent John Wagner.
Perry Van Etten Rozanski & Kutner, LLP, Melville, NY (Geoffrey H. Pforr and Thomas F. Maher of counsel), for respondent Kip L. Bodi.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff Chinyere Nwasike appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 25, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant John Wagner which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against him and granted the cross-motion of the defendant Kip L. Bodi pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant John Wagner which was pursuant to CPLR 1021 to dismiss the first and second causes of action insofar as asserted against him, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the cross-motion of the defendant Kip L. Bodi which was pursuant to CPLR 1021 to dismiss the first and second causes of action insofar as asserted against him, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In August 2014, the plaintiff Chinyere Nwasike (hereinafter the injured plaintiff), and her spouse suing derivatively, commenced this malpractice action against the defendants John Wagner and Kip L. Bodi, among others. The first cause of action alleged medical malpractice, the second cause of action alleged lack of informed consent, and the third cause of action asserted a derivative claim on behalf of the spouse. In May 2016, the spouse died, and in January 2018, the injured plaintiff was named administrator of his estate. In January 2020, Wagner moved, inter alia, pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against him, and Bodi cross-moved pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against him. The Supreme Court granted that branch of Wagner's motion and Bodi's cross-motion. The injured plaintiff appeals.
CPLR 1021 provides, in relevant part, "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made" (emphasis added). Here, the Supreme Court should have denied those branches of Wagner's motion and Bodi's cross-motion which were to dismiss the first and second causes of action in the complaint, since those causes of action were asserted by the injured plaintiff in her individual capacity and she was not the party for whom substitution should have been made (see Petion v New York City Health & Hosps. Corp., 175 AD3d 519, 519-520; Vicari v Kleinwaks, 157 AD3d 975, 977-978).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court